UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
ANDREA FRESU,

Plaintiff,

-against-

**COMPLAINT**

218, LLC and CP2EHNY LLC,

Defendants.
--------------------------------------------------------------------X

Plaintiff, ANDREA FRESU ("Plaintiff"), by and through his attorneys, the Romero Law Group PLLC, complaining of the Defendants, 218, LLC and CP2EHNY LLC ("Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1. Defendants are engaged in the restaurant business. Plaintiff performed non-exempt work for the Defendant, including cooking and preparing food. Plaintiff regularly worked more than 40 hours in a work week but was not paid overtime in violation of the Fair Labor Standards Act and the New York Labor Law.

2. Plaintiff brings this action to recover unpaid overtime wages owed to him under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Plaintiff also brings this action to recover unpaid overtime wages, spread of hours pay, and statutory damages under the New York Labor Law Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146 ("NYLL").

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of New York.

**THE PARTIES**

6. At all times relevant, Defendant, 218, LLC, was and still is a domestic limited liability company that owns and operates a restaurant doing business as Crazy Pizza.

7. At all times relevant, Defendant, CP2EHNY LLC, was and still is a domestic limited liability company that owns and operates a restaurant doing business as Crazy Pizza.

8. At all times relevant, Defendants were subject to the requirements of the FLSA because they had annual gross revenue of at least $500,000, were engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendants' employees were engaged in cooking, prepping, and dish washing and used equipment to prepare materials, such as fruits, vegetables, grains, meat, poultry, cooking vessels, cleaning supplies, paper products, furniture, kitchen utensils, and other tools, equipment and products, many of which originated in states other than New York.

9. At all times relevant, Defendants were and still are an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3).

**FACTS**

10. Defendant, 218 LLC, operates a restaurant located at 218 Lafayette Street, New York, New York 10012.

11. Defendant, CP2EHNY LLC, operates a restaurant located at 47 Montauk Highway, East Hampton, New York 11937.

12. Plaintiff worked at the Crazy Pizza in Manhattan from in or about November 2024 until in or about September 2026, and at the Crazy Pizza in East Hampton from in or about June 2025 until in or about September 2025, and again from in in or about June 2026 until in or about September 2026. Plaintiff's job duties at both Crazy Pizza locations included cooking and preparing food.

13. Plaintiff regularly worked more than 40 hours in a workweek.

14. Plaintiff worked at Crazy Pizza in Manhattan from 2:00 p.m. until after 12:00 a.m., at least five days per week, and often six days per week. Plaintiff worked at Crazy Pizza in East Hampton from 7:30 a.m. until approximately 2:00 a.m., six days per week.

15. Defendants willfully failed to pay Plaintiff at a rate of one and one-half times his regular hourly rate for those hours that he worked after forty hours per workweek.

16. Defendants willfully failed to pay Defendants willfully failed to pay Plaintiff an additional hour's pay for each day that Plaintiff's spread-of-hours exceeded 10 hours.

17. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Plaintiffs.

18. Defendants failed to post required notices regarding payment of minimum wages and overtime compensation as required by the FLSA and NYLL.

19. Defendants failed to provide Plaintiff a wage notice at the time of hire that accurately stated the correct overtime rate of pay for hours worked in excess of 40 hours per workweek in violation of NYLL § 195(1).

20. Defendants failed to provide Plaintiff with accurate statements with every payment of wages listing, *inter alia,* the correct number of overtime hours worked and overtime rate of pay for hours worked in excess of 40 hours per workweek in violation of NYLL § 195(3).

21. Defendants' failure to properly state Plaintiff's regular rate and overtime rate upon hire, and failure to properly state Plaintiff's correct overtime rate each pay period, prevented Plaintiff from knowing to what extent he had been underpaid and seeking payment for the precise amount of his unpaid wages.

22. As a result, Plaintiff was deprived of income for longer than he would have been had he been able to timely raise his underpayment earlier. Plaintiff was unable to determine how much he had been underpaid throughout his employment. Plaintiff would have asserted his wage claims sooner if accurate statements had been provided.

23. Defendants' failure to provide accurate notices and statements not only denied Plaintiff the time-value of the underpayments he seeks to recover in this action, but also resulted in continued practice of paying Plaintiff less than one and one-half times his regular rate for hours that he worked after 40 hours per workweek.

## FIRST CLAIM FOR RELIEF
## (FLSA UNPAID OVERTIME WAGES)

24. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

25. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate Plaintiff for all time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times their regular hourly rates, in violation of the FLSA.

26. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.

27. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

28. Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**(NYLL UNPAID OVERTIME WAGES)**

29. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

30. Defendants employed Plaintiff for workweeks longer than forty (40) hours and failed to compensate the Plaintiff for all hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times their regular hourly rates, in violation of the NYLL.

31. By Defendants' failure to pay Plaintiff proper overtime wages for all hours worked in excess of 40 hours per week, Defendants violated the NYLL and the supporting NYS Department of Labor Regulations, including 12 N.Y.C.R.R. § 146.

32. Defendants' violations of the NYLL as described in this Complaint have been willful and intentional.

33. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of this action, and interest as permitted by law.

**THIRD CLAIM FOR RELIEF**
**(NYLL SPREAD-OF-HOURS VIOLATION)**

34. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

35. Defendants failed to pay Plaintiff one additional hour of pay at the basic minimum wage rate for each day the spread of hours exceeded ten in violation of 12 NYCRR § 146-1.6.

36. Defendants' failure to pay spread-of-hours compensation was willful and intentional.

37. Plaintiff is entitled to recover unpaid spread of hours compensation, liquidated damages, attorneys' fees, costs of this action and interest as permitted by law.

**FOURTH CLAIM FOR RELIEF**
**NYLL WAGE NOTICE VIOLATION**

38. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

39. Defendants failed to provide Plaintiff with written notice upon hire of their rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by NYLL § 195(1).

40. Due to Defendant's failure to provide Plaintiff with the notice and statement required by NYLL § 195(1), Plaintiff is entitled to statutory damages.

**FIFTH CLAIM FOR RELIEF**
**WAGE STATEMENT VIOLATION**

41. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

42. Defendants failed to provide Plaintiff with accurate statements of their wages each pay period as required by NYLL § 195(3).

43. Due to Defendant's failure to provide Plaintiff with the notices and statements required by NYLL § 195(3), Plaintiff is entitled to statutory damages.

**DEMAND FOR JURY TRIAL**

44. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

i. Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

ii. Unpaid overtime wages, spread of hours pay, liquidated damages and statutory damages pursuant to NYLL § 198, and pre- and post-Judgment interest;

iii. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA and NYLL;

iv. All attorneys' fees and costs incurred in prosecuting these claims; and

v. Such other relief as this Court deems just and proper.

Dated: October 28, 2026

ROMERO LAW GROUP PLLC
490 Wheeler Road, Suite 277
Hauppauge, New York 11788
Tel.: (631) 257-5588

By: */s Peter A. Romero*

PETER A. ROMERO, ESQ.

*Attorneys for Plaintiff*